UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
SANTIAGO REYES GARCIA,

        Plaintiffs,

    v.                                  CASE NO. 16 Civ. 2961 (GWG)

DJA CATERING LLC, dba POINT BREAK
NYC, DENNIS HATZINGER, and
ROLAND JABBOUR, individually,

        Defendants.
-----------------------------------------------------------x

## SETTLEMENT AGREEMENT AND RELEASE

**WHEREAS,** Santiago Reyes Garcia (hereinafter, "Plaintiff") commenced an action against DJA Catering LLC, 45 Group, Inc., d/b/a Point Break NYC, Dennis Hatzinger, and Roland Jabbour (hereinafter referred to as "Defendants") on or about April 21, 2016, in the United States District Court for the Southern District of New York (hereinafter, the "Court"), presently bearing Case Number 16 Civ. 2961 (hereinafter, the "Action") alleging violations of the Fair Labor Standards Act ("FLSA"), New York Labor Law ("NYLL"), and related regulations;

**WHEREAS,** Defendants filed Answer on or about July 31, 2016, denying Plaintiff's claims asserted, and a Court has not made any findings with respect to the merits of Plaintiff's claims.

**WHEREAS,** the parties exchanged calculations in which the parties agreed that, assuming plaintiff prevailed, his claim for unpaid overtime wages ranged between $676.00 and $6,196.00, and the parties also participated in court-annexed mediation with neutral mediator Michael Levy

**WHEREAS,** Plaintiff and Defendants (each singularly hereinafter referred to as a "Party," and collectively hereinafter referred to as "Parties") desire to fully and finally resolve and settle in full all wage and hour claims that any Plaintiff has, had, or may have against any other, by way of this Settlement Agreement and Release ("Agreement");

**WHEREAS,** Plaintiff's counsel of record in the Action and Defendants' counsel of record in the Action have negotiated in good faith to reach a settlement acceptable to the Parties which constitutes a reasonable compromise of Plaintiff's respective claims, Defendants' respective defenses, and the *bona fide* dispute between the Parties;

1

**NOW, THEREFORE,** in consideration of the mutual promises and covenants set forth herein, the receipt and sufficiency of which is hereby acknowledged, and incorporating the above "Whereas" clauses in this Agreement, the Parties agree as follows:

1. **Payment**

    (a) In full and final satisfaction of all issues between the parties, Defendants shall pay to the Plaintiff the sum of TWELVE THOUSAND NINE HUNDRED DOLLARS AND ZERO CENTS ($12,900) (the "Settlement Sum").

    (b) The Settlement Sum shall be paid in two (2) equal installments of $6,450. The first installment shall be due within ten (10) days after court approval of the settlement; the second and final payment shall be due thirty (30) days thereafter. The settlement checks shall be payable to "Cilenti & Cooper, PLLC as attorneys."

    (c) The Settlement check in the amount of the Settlement Sum shall be delivered to Cilenti & Cooper, PLLC at 708 Third Avenue, 6th Flr, New York, NY 10017 within ten (10) days from the court's approval of this settlement agreement.

    (d) Cilenti & Cooper, PLLC shall retain one-third (1/3) as legal fees pursuant to its retainer agreement with the plaintiff, and shall distribute two thirds (2/3) of the Settlement Sum to Plaintiff.

2. **Releases**

In consideration for the payment provided for in this Agreement, Plaintiff hereby irrevocably and unconditionally waives, releases and forever discharges defendants and all of their related and/or affiliated companies, partners, and constituent agencies, their employees, agents, shareholders, attorneys, officers, directors, trustees, insurers, predecessors, successors, assigns, divisions, affiliates, parents, subsidiaries, and fiduciaries and administrators, arising out of or related to those matters that are the subject of the above-referenced lawsuit, *i.e.*, The Fair Labor Standards Act and the New York Labor Law, and in particular any claim for unpaid wages, minimum wages, overtime compensation, spread of hours premiums, liquidated damages, statutory penalties, and other related penalties, as well as all attorneys' fees and costs.

3. **Non-Disparagement**

Plaintiff agrees that he will not, whether directly or indirectly, by name or innuendo, disparage or encourage or induce others to disparage Defendants. Likewise, Defendants agree that they will not, whether directly or indirectly, by name or innuendo, disparage or encourage or induce others to disparage Plaintiff. For the purposes of this Agreement, the term "disparage" includes the making of negative, false, defamatory or derogatory comments that could reasonably be expected to damage the reputation of the Defendants (or any officers, executives, or personnel thereof) or Plaintiff; provided, however, that nothing in this Agreement shall restrict communications protected as privileged under federal or state law to testimony or communications ordered and required by a court or an administrative agency of competent jurisdiction.

4. **Non-Admission**

This Agreement does not constitute an admission that Defendants have violated any law, committed any tort, breached or committed any wrongdoing whatsoever, and Plaintiff expressly acknowledges that Defendants continue to deny any wrongdoing arising out of Plaintiff's employment and separation thereof.

5. **Attorneys' Fees**

Except as set forth herein, Plaintiff and Defendants expressly agree to bear their own attorneys' fees, costs and disbursements incurred in this litigation. No party shall be responsible or liable for the payment of any attorneys' fees for the other party except as set forth herein.

6. **Acknowledgment**

Plaintiff acknowledges that he is receiving consideration under this agreement to which he is not otherwise entitled. Plaintiff acknowledges that he was represented by counsel of her choosing throughout the negotiation and the execution of the Agreement. Plaintiff further represents that he had sufficient opportunity to consider this Agreement; that he read this Agreement and/or had this Agreement explained to him fully and carefully and understand its terms; and that he is signing it knowingly and voluntarily.

7. **Oral Modifications Prohibited**

This Agreement represents the entire agreement between Plaintiff and Defendants with respect to the Action. This Agreement cannot be amended, supplemented, or modified nor may any provision be waived, except by a written instrument executed by or on behalf of the party against whom enforcement of any such amendment, supplement, modification or waiver is sought.

8. **Choice of Law**

This Agreement shall be governed by the law of the State of New York, without regard to the choice-of-law or conflicts-of-law principles of any jurisdiction.

9. **Stipulation of Dismissal and Settlement Approval**

Upon execution of this Agreement, Plaintiff shall submit the Agreement together with the Stipulation of Dismissal annexed hereto as Exhibit 1 to the Court for approval. The District Court shall retain jurisdiction over the settlement agreement and may award costs and fees if called upon to enforce the provisions of this agreement.

10. **Effective Date**

This Agreement shall become effective immediately upon execution.

**11. Counterparts**

This Agreement may be executed in multiple counterparts, each of which shall be considered an original but all of which will constitute one (1) Agreement.

**12. Facsimile and Email Signatures**

Any party may execute this Agreement by signing on the designated signature block below and transmitting or causing to be transmitted that signature page via facsimile or email to counsel for the other party. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

**13. Severability**

The invalidity or unenforceability of any provisions of this Agreement shall not affect the validity or enforceability of any other provision of this Agreement, which shall remain in full force and effect.

DATED: September 27, 2016          Santiago Reyes Garcia

DATED: _____, 2016      Dennis Hatzinger, indiv. and on behalf of DJA Catering LLC

DATED: 10/12/16, 2016              William Bishop, on behalf of 45 Group, Inc., d/b/a Point Break NYC

DATED: _____, 2016      Roland Jabbour

4

## 11. Counterparts

This Agreement may be executed in multiple counterparts, each of which shall be considered an original but all of which will constitute one (1) Agreement.

## 12. Facsimile and Email Signatures

Any party may execute this Agreement by signing on the designated signature block below and transmitting or causing to be transmitted that signature page via facsimile or email to counsel for the other party. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

## 13. Severability

The invalidity or unenforceability of any provisions of this Agreement shall not affect the validity or enforceability of any other provision of this Agreement, which shall remain in full force and effect.

DATED: September 27, 2016                Santiago Reyes Garcia

DATED: _____, 2016                 Dennis Hatzinger, indiv. and on behalf of DJA Catering LLC

DATED: _____, 2016                 William Bishop, on behalf of 45 Group, Inc., d/b/a Point Break NYC

DATED: 10/13/2016, 2016                  Roland Jabbour

4